**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Wanjiku Thiongo</u>

    **v.**                        **Civil No. 04-CV-387-PB**

<u>United States of America</u>

<u>**O R D E R**</u>

Wanjiku Thiongo made three arguments at the May 19, 2005 hearing in support of her petition to vacate her conviction. Thiongo first argued that she was entitled to a new trial because the prosecutor failed to disclose promises she had made to several government witnesses that they would not be prosecuted if they testified at trial. I rejected this argument because I determined that the prosecutor had properly disclosed her promises not to prosecute the witnesses. Thiongo next argued that she was entitled to a new trial because the prosecutor failed to turn over certain allegedly exculpatory documents prior to trial. I rejected this argument because I determined that the government never had possession of the allegedly exculpatory

documents.  Thiongo's third claim was that her conviction should
be vacated because the prosecutor improperly permitted two of its
witnesses to falsely claim at trial that the government had not
promised them anything in exchange for their testimony.  I
address Thiongo's third argument in this order.

## I.  BACKGROUND

The prosecutor elicited the following testimony from Nancy
Mwaniki during Thiongo's trial:

```
Q.   Finally, Ms. Mwaniki, you've spoken to me
     before, correct?
A.   Yes.
Q.   And you've spoken to Special Agent Phil
     Bleezarde before, correct?
A.   Yes.
Q.   Did I promise you anything in return for your
     testimony?
A.   Nothing.
Q.   Did I tell you that you wouldn't be deported?
A.   Yes.
Q.   I told you you would not be deported?
A.   You told me I would be deported, yeah.
Q.   I told you you would be deported?
A.   Yeah.
```

Trial Transcript, Day 4, morning session at 71-72.

She elicited similar information from Winston Githinji, who
testified:

```
Q.   Sir, have I promised you anything in return
     for your testimony today?
A.   No.
Q.   Has Special Agent Bleezarde promised you
     anything in return for your testimony?
A.   No.
Q.   Have we promised that you wouldn't be
     deported?
A.   No.
```

Trial Transcript, Day 4, afternoon session at 91.

The parties agree that the prosecutor had promised both Mwaniki and Githinji that they would not be prosecuted for visa fraud or conspiracy to commit visa fraud if they testified at Thiongo's trial.  Thus, the testimony of both witnesses on this subject was false.  Although Thiongo claimed that the prosecutor knowingly elicited the false testimony, I concluded at the May 19, 2005 hearing that the prosecutor had intended to question both witnesses only about the fact that she had made them no promises about whether they would be deported.  Thus, she did not realize that their answers to her broadly worded questions were false.

## II.  **ANALYSIS**

The First Circuit has held that a prosecutor's knowing use of perjured testimony requires a new trial "if there is any

-3-

reasonable likelihood that the false testimony could have affected the judgment of the jury."[1]  Mastracchio v. Vose, 274 F.3d 590, 601 (1st Cir. 2001)(quoting Gilday v. Callahan, 59 F.3d 257, 267 (1st Cir. 1995)) (emphasis in original).  I decline to order a new trial under the Mastracchio test because the untainted evidence of Thiongo's guilt was so powerful that there is no reasonable likelihood that Mwaniki's and Githinji's false testimony could have affected the jury's verdicts.  Mwaniki and Githinji were only two of fifteen Kenyan nationals who testified about Thiongo's central role in the conspiracy that led to her convictions.  More importantly, other witnesses who had no apparent motive to testify falsely also explained how Thiongo had fraudulently obtained letters from them suggesting that she would be bringing Kenyan nationals to the United States to attend

---

[1]  Thiongo's false testimony claim is arguably subject to a different standard of review because the prosecutor did not intend to elicit false testimony from either witness, see e.g., United States v. Gonzalez-Gonzalez, 258 F.3d 16, 22 (1st Cir. 2001)(noting that the Supreme Court has yet to identify the legal standard that should govern a negligent or reckless use of false testimony claim).  I need not determine whether a more forgiving standard is warranted when, as in this case, a prosecutor negligently or recklessly elicits false testimony because Thiongo cannot prevail even under the standard that governs claims that a prosecutor has knowingly used false testimony.

cultural or educational programs.  These witnesses further explained that Thiongo failed to participate in the programs after she obtained the letters.  In short, evidence of Thiongo's guilt was so convincing that the jury's verdicts could not possibly have been affected by Mwaniki's and Githinji's false testimony.

Thiongo's motion to vacate her conviction (doc. no. 1) is therefore denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

June 24, 2005

cc:  Janis F. Lint, Esq.
     John J.E. Markham, II, Esq
     Terry Ollila, Esq.

-5-